**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WATERSIDE AT CRANE'S ROOST**
**CONDOMINIUM ASSOCIATION, INC.,**

      **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:12-cv-1528-Orl-28TBS**

**AMERICAN HOME ASSURANCE**
**COMPANY and LONDON INSURANCE**
**GROUP, INC.,**

      **Defendants.**
_____/

# ORDER

After Plaintiff filed an Amended Complaint in state court adding American Home Assurance Company ("American Home") and London Insurance Group, Inc. ("LIGI"), as Defendants, American Home removed the case to this Court on October 9, 2012, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332.  (See Doc. 1).  In the Notice of Removal, American Home asserted that although LIGI is a Florida corporation with its principal place of business in Florida, removal was proper despite lack of complete diversity because LIGI was not truly a defendant and "is considered to have been fraudulently joined." (Id. at 3).  American Home stated that Plaintiff's claims as to a second insurance policy are not actually against LIGI but instead "against Certain Underwriters at Lloyd's, London." (Id.).

Plaintiff did not respond to American Home's assertion of fraudulent joinder, but on February 13, 2013, the Court, pursuant to its obligation to ensure the existence of subject matter jurisdiction, ordered Plaintiff to respond to state its position regarding fraudulent

joinder and subject matter jurisdiction. (Order, Doc. 21). Plaintiff has filed a Response, denying that LIGI was fraudulently joined and stating that LIGI was "at best" inadvertently misjoined. (Doc. 27 at 3). Plaintiff argues that even if Certain Underwriters at Lloyd's, London is the proper second Defendant, diversity jurisdiction has still not been established. The Court agrees.

"For federal diversity jurisdiction to attach, all parties must be completely diverse . . . ." Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010) (internal citations and footnote omitted). "Further, the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002).

American Home has not established this Court's subject matter jurisdiction by a preponderance of the evidence. While American Home asserts in the Notice of Removal that LIGI's citizenship should be disregarded for purposes of determining diversity, American Home has not asserted that diversity of citizenship would be present even if Plaintiff named the proper second Defendant—which, American Home asserts, is Certain Underwriters at Lloyd's, London. See Osting-Schwinn, 613 F.3d at 1091 (concluding that assessment of citizenship in a suit involving Underwriters at Lloyd's, London, requires consideration of citizenship of each underwriter in the particular case). Accordingly, American Home has not met its burden as the removing party to establish the existence of federal jurisdiction.

It is **ORDERED** as follows:

1. This case is hereby **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, Case No. 09-CA-010222.

2. The Clerk shall close this file.

**DONE** and **ORDERED** in Orlando, Florida this 2nd day of April, 2013.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Clerk of the Circuit Court, Eighteenth Judicial Circuit in and for Seminole County, Florida